IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MILLS WETZEL LANDS, INC.,

    Plaintiff,

v.                                  Civil Action No. 5:18CV23
                                           (STAMP)
EQT PRODUCTION COMPANY,
EQT GATHERING, LLC
(d/b/a "EQT MIDSTREAM"),
EQT ENERGY, LLC,
EQT MIDSTREAM SERVICES, LLC
and EQT CORPORATION, all of
which are foreign business
entities operating and
doing business within the
State of West Virginia,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING IN PART AND GRANTING IN PART AS FRAMED**
**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

I. Background

This is a property case arising out of a dispute regarding the proceeds from the sale of oil, natural gas and natural gas liquids from certain leaseholds located in Wetzel County, West Virginia. This matter concerns the following lease agreements pertinent to plaintiff's oil and gas rights in various properties: (1) the Richwood I Lease, (2) the Richwood II Lease, and (3) the Stone Lease. The leases cover over 6,900 net mineral acres. Plaintiff Mills Wetzel Lands, Inc. ("Mills Wetzel") is the lessor under the Richwood I Lease, Richwood II Lease, and the Stone Lease. EQT Production Company is the current lessee under the Richwood I Lease, the Richwood II Lease, and the Stone Lease.

Plaintiff, Mills Wetzel, filed its complaint (ECF No. 1) against the defendants, EQT Production Company, EQT Gathering, LLC, EQT Energy, LLC, EQT Midstream Services, LLC, and EQT Corporation (hereinafter, collectively "defendants"), in this Court and asserts the following causes of action against each of the defendants: alter ego (Count IV); breach of contract (Count V); fraud (Count VI); conversion (Count VII); breach of the implied duty of good faith and fair dealing (Count VIII); interest on improperly withheld royalty payments (Count IX); and punitive damages (Count X).

Plaintiff seeks a variety of damages including, but not limited to, a "decree that EQT has breached its contract with Mills Wetzel, has acted fraudulently, has converted Mills Wetzel property to its own use, and has violated the covenant of good faith and fair dealing"; "all monies unlawfully withheld and/or deducted and retained by EQT from Mills Wetzel's royalty interests . . . "; compensatory damages; punitive damages; an accounting; pre-judgment and post-judgment interest; "legal fees and costs incurred"; and "such other and further relief, both general and special," as the Court deems just and proper." ECF No. 1 at 28-29. All defendants, EQT Production Company, EQT Gathering, LLC, EQT Energy, LLC, EQT Midstream Service, LLC, and EQT Corporation, respectively, filed answers to the plaintiff's complaint. ECF Nos. 6, 7, 8, 9, and 10.

Defendants also filed a motion for partial dismissal (ECF No. 11) and memorandum in support (ECF No. 12). Specifically, all

defendants move to dismiss plaintiff's claims for alter ego (Count IV), fraud (Count VI), conversion (Count VII), breach of the implied duty of good faith and fair dealing (Count VIII), and punitive damages (Count X). All defendants except EQT Production Company, namely, EQT Gathering, LLC, EQT Energy, LLC, EQT Midstream Services, LLC, and EQT Corporation (the "non-lessee entities"), move to dismiss plaintiff's claims for breach of contract (Count V) and request for attorneys' fees pursuant to its tort claims and breach of contract claim.

In support, defendants assert that plaintiff has failed to allege facts which create a facial plausibility of a basis to impose alter ego liability, and that plaintiff's claims for fraud and conversion are barred by the gist of the action doctrine. ECF No. 12 at 4, 6. Further, defendants state that even if plaintiff's claim for fraud was not so barred, it is not pled with the requisite degree of particularity and must be dismissed. Id. at 6. Further, defendants contend that, in West Virginia, there is "no independent claim for a breach of the common law duty of good faith" because a claim for breach of the covenant of good faith and fair dealing is really a claim for breach of contract as a matter of law. Id. at 12. Lastly, defendants assert that there is no set of facts upon which plaintiff can establish its breach of contract claim against the non-lessee entities and that plaintiff cannot recover punitive damages and cannot recovery attorneys' fees for its tort claims or its breach of contract claim against the

non-lessee entities.  Id. at 13, 14.  Based on the foregoing, defendants move that the following claims be dismissed as a matter of law because they fail to state a claim upon which relief may be granted: (1) alter ego; (2) breach of contract and attorneys' fees as to the non-lessee entities; (3) fraud; (4) conversion; (5) breach of the implied duty of good faith and fair dealing; and (6) punitive damages.

After this Court entered several orders approving the parties' joint stipulations extending the time for plaintiff to respond (ECF Nos. 17, 19, 28), plaintiff filed a response in opposition to the defendants' motion for partial dismissal. ECF No. 37. Plaintiff opposes the defendants' motion seeking partial dismissal and contends that no claim in the complaint is properly dismissible because all claims are sufficiently pleaded and appropriately postured for discovery. ECF No. 31 at 1-2. Plaintiff contends that it has pleaded more than sufficient factual content to allow the Court to draw the reasonable inference that the EQT defendants are alter egos of each other and, as a result of the alleged conduct, plaintiff's breach of contract and alter ego claims each have facial plausibility against all EQT defendants and must survive the motion to dismiss. Id. at 17. At the very least, plaintiff contends, discovery is required to flesh out the relationships among the various EQT defendants to determine whether all EQT defendants are alter egos of each other and whether the non-EQT production defendants also breached the terms of

plaintiff's leases.  Id.  Further, plaintiff asserts that the gist of the action doctrine does not bar the plaintiff's claim for fraud and conversion and that plaintiff's claims, including breach of implied duty of good faith and fair dealing as well as breach of contract, are sufficiently pleaded and should not be dismissed. Lastly, plaintiff contends that it can recovery attorneys' fees and punitive damages pursuant to its torts claims and that its claims are sufficiently pleaded and should not be dismissed.  Id. at 34. Plaintiff requests that this Court deny defendants' motion for partial dismissal in all respects.

After this Court entered an order approving the parties' joint stipulation extending the time for defendants to reply to plaintiff's response in opposition (ECF No. 33), defendants filed a reply, again asserting that plaintiff's claim for alter ego is insufficiently plead and that this Court should dismiss plaintiff's breach of contract claim against the non-lessee entities.  ECF No. 34.  Defendants further state in response that the gist of the action doctrine bars plaintiff's claims for fraud, conversion, and breach of the implied duty of good faith and fair dealing.  Id. at 6.  Moreover, defendants contend that plaintiff's claims for fraud do not satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and that this Court should dismiss plaintiff's claims for attorneys' fees and punitive damages in that plaintiff's complaint fails to set forth a viable "independent, intentional tort" that would entitle plaintiff to recover punitive

damages for its breach of contract claim.  Id. at 14.  Defendants request this Court dismiss plaintiff's claim for alter ego, breach of contract as to the non-lessee entities, fraud, conversion, breach of the implied duty of good faith and fair dealing, punitive damages, and plaintiff's claim for attorneys' fees related to its tort claims as well as its breach of contract claim against the non-lessees.  Id. at 15.

Now pending before the Court is the defendants' fully briefed motion for partial dismissal of the plaintiff's complaint (ECF No. 11).  For the reasons set forth below, this Court denies in part and grants in part as framed the defendants' motion for partial dismissal.

## II.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

6

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

7

III. <u>Discussion</u>

Following its review of the fully briefed motion for partial dismissal of the plaintiff's complaint, and the memoranda in support, and for the reasons set forth below, this Court denies in part and grants in part as framed the defendants' motion for partial dismissal.

This Court has construed the complaint in the light most favorable to Mills Wetzel for the purposes of deciding the motion for partial dismissal. In doing so, this Court finds that Mills Wetzel's complaint asserts sufficient factual allegations against the defendants to survive the defendants' Rule 12(b)(6) motion for partial dismissal as to the allegations of alter ego (Count IV), breach of contract (Count V), and plaintiff's claim for attorneys' fees related to its breach of contract claim. This Court finds that the plaintiff's complaint, as it relates to the counts stated above, asserts factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

Conversely, this Court finds it appropriate to grant defendants' motion for partial dismissal as it pertains to plaintiff's claims for fraud (Count VI), conversion (Count VII), breach of the implied duty of good faith and fair dealing (Count VIII), and punitive damages (Count X).

A. <u>Alter Ego (Count IV)</u>

As to the alter ego (Count IV) allegation, plaintiff specifically asserts an allegation of alter ego in its complaint

stating that the various entities operate as divisions of EQT Corporation, and also alleges that all EQT defendants have held themselves out as one entity. Plaintiff contends that under Iqbal and Twombly, it "has pleaded more than sufficient factual content to allow the Court to draw the reasonable inference that the EQT defendants are alter egos of each other and, as a result of the alleged conduct, plaintiff's breach of contract and alter ego claims each have facial plausibility against all EQT defendants and must survive the motion to dismiss. ECF No. 31 at 17. At the least, plaintiff contends that discovery is required to flesh out the relationships among the various EQT defendants to determine whether all EQT defendants are alter egos of each other and whether the non-EQT Production defendants also breached the terms of plaintiff's leases. Id. This Court agrees. Taken as true, plaintiff's detailed allegations in the complaint, at a minimum, allege a prima facie alter ego claim as it relates to defendants. Based upon the standard of review for motions to dismiss, this Court finds that the plaintiff's alter ego allegations are sufficient to warrant denial of the motion to dismiss. More detailed factual allegations at this stage are not necessary.

Thus, the defendants' motion for partial dismissal is denied as to plaintiff's allegation of alter ego (Count IV).

B. Breach of Contract (Count V)

As to the breach of contract allegation (Count V) against the "non-lessee" entities, this Court has construed the complaint in

the light most favorable to Mills Wetzel, and finds that plaintiff's claim is sufficiently pled. Under West Virginia law, a prima facie breach of contract claim requires the plaintiff to allege four elements: (1) that there is a valid, enforceable contract, (2) that the plaintiff has performed under the contract, (3) that the defendant has breached or violated its duties or obligations under the contract, and (4) that the plaintiff has been injured as a result. KBS Preowned Vehicles, LLC v. Reviva, Inc., No. 1:13CV138, 2014 WL 12591890, at *2 (N.D. W. Va. Mar. 26, 2014) (citing Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc., No. 1:09CV161, 2013 WL 5352844, *11 (N.D. W. Va. Sept. 24, 2013); Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc., 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009)).

In order to properly state a claim for relief, plaintiff is required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Plaintiff has met this standard, and its breach of contract claim is pled with sufficient specificity. Based upon the standard of review for motions to dismiss, this Court finds that the plaintiff's breach of contract allegations are sufficient to warrant denial of the motion to dismiss. More detailed factual allegations at this stage are not necessary.

Thus, the defendants' motion for partial dismissal is denied as to plaintiff's claim for breach of contract (Count V).

C. <u>Fraud (Count VI) and Conversion (Count VII)</u>

As to the fraud (Count VI) and conversion (Count VII) allegations, defendants contend that because plaintiff's rights and obligations arise solely from the leases at issue, plaintiff's causes of action for fraud and conversion are barred by the gist of the action doctrine and must be dismissed. ECF No. 12 at 6. In response, plaintiff contends that an opinion issued by the Supreme Court of Pennsylvania, <u>Bruno v. Erie Ins. Co.</u>, 630 Pa. 79, 106 A.3d 48 (2014), and an opinion from the United States District Court for the Southern District of West Virginia, <u>Good v. Am. Water Works Co., Inc.</u>, No. CV 2:14-01374, 2016 WL 5441035 (S.D. W. Va. Sept. 27, 2016), have "washed away previous understandings of the Gist of the Action Doctrine" and implies that <u>Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love</u>, 746 S.E.2d 568, 577 (W. Va. 2013), is on uncertain ground. ECF No. 31 at 18.

As defendants correctly note, plaintiff's argument ignores opinions issued by the United States District Court for the Northern District of West Virginia dismissing tort-based claims based upon the gist of the action doctrine. See <u>Corder v. Antero Res. Corp.</u>, No. 1:18CV30, 2018 WL 2925128, at *10 (N.D. W. Va. June 11, 2018), <u>Stern v. Columbia Gas Transmission, LLC</u>, No. 5:15CV98, 2016 WL 7053702, at *4-5 (N.D. W. Va. Dec. 5, 2016), <u>Rodgers v. Sw. Energy Co.</u>, No. 5:16-CV-54, 2016 WL 3248437, at *3 (N.D. W. Va.

11

June 13, 2016), and Packard v. Antero Res. Corp., No. 1:18CV04, 2018 WL 2348398, at *3 (N.D. W. Va. May 23, 2018).

The gist of the action doctrine provides that "a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract." Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 722 (N.D. W. Va. 2018) (internal quotations omitted) (citing Secure US, Inc. v. Idearc Media Corp., No. 1:08CV190, 2008 WL 5378319, at *3–4 (N.D. W. Va. Dec. 24, 2008) (quoting Syl. Pt. 9, Lockhart v. Airco Heating & Cooling, 211 W. Va. 609, 567 S.E.2d 619 (2002)).

Under the gist of the action doctrine, a plaintiff cannot maintain a tort claim in a breach of contract case where one of the following four factors is present: (1) "liability arises solely from the contractual relationship between the parties"; (2) "the alleged duties breached were grounded in the contract itself"; (3) "any liability stems from the contract"; or (4) "the tort claim essentially duplicates the breach of contract claim or . . . the success of the tort claim is dependent on the success of the breach of contract claim."  Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013).  Accordingly, in order to maintain a cause of action for tort, a plaintiff must establish the existence of a legal duty independent from any contractual duty.  Lockhart, 567 S.E.2d at 624.  The gist of the action doctrine was intended to "prevent the recasting of a contract claim as a tort claim." Rodgers v. Sw. Energy Co., No.

12

5:16-CV-54, 2016 WL 3248437, at *4 (N.D. W. Va. June 13, 2016) (citing Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 115 (4th Cir. 2015) (quoting Gaddy Eng'g Co., 746 S.E.2d at 577)).

Plaintiff attempts to argue that "[d]uring the parties' contractual relationship, EQT committed the torts of fraud and conversion." ECF No. 31 at 21. Plaintiff contends that "[a]lthough the contracts are what brought the parties together, EQT had independent duties – including broad social duties based on the principles of tort – to (1) not knowingly misrepresent material facts to Mills Wetzel to induce it to act to its own detriment and (2) not wrongfully to convert through fraud and deception Mills Wetzel's property to its corporate use." Id. This Court finds plaintiff's argument to be unavailing.

Upon review of the plaintiff's complaint, this Court finds that plaintiff's alleged tort claims for fraud and conversion arise from the contractual relationship between Mills Wetzel and the defendants. This contractual relationship is established by the Richwood Leases and the Stone Lease at issue. Plaintiff's fraud claim is grounded in allegations that "EQT engaged in a scheme designed to mislead, defraud, and deprive Mills Wetzel of its royalties due to it under the Leases," and that "EQT's scheme and intentional omissions and misrepresentations to Mills Wetzel have resulted in a false and undervalued calculation and payment of the royalties due to Mills Wetzel and constitute fraud under the

13

Richwood Leases and the Stone Lease."  ECF No. 1 at 22, 23. Further, plaintiff's conversion claim is likewise grounded in an allegation that "[b]y refusing Mills Wetzel's demands for the return of improperly withheld royalties, and by converting and making use of Mills Wetzel's personal property, EQT has intentionally, willfully, and maliciously breached its duties to Mills Wetzel and has converted the said Mills Wetzel monies to EQT's own use."  ECF No. 1 at 26.  Moreover, plaintiff asserts as a general allegation in its complaint that EQT failed to "comply with all lease terms and conditions" pursuant to the Richwood Leases and the Stone Lease, and that "EQT has failed and refuses to pay Mills Wetzel royalties, as required under the Richwood Leases and the Stone Lease."  ECF No. 1 at 9, 10.  This Court finds that the alleged tort claims asserted by plaintiff do not arise independently of the leases at issue.  Thus, under the law cited above, and upon review of the plaintiff's complaint as it relates to allegations of fraud and conversion, this Court finds that plaintiff's tort claims are barred by the gist of the action doctrine.

Thus, the defendants' motion for partial dismissal is granted as to plaintiff's claims for fraud (Count VI) and conversion (Count VII).

D.   Breach of the Implied Duty of Good Faith and Fair Dealing (Count VIII)

As to plaintiff's claim for breach of the implied duty of good faith and fair dealing (Count VIII), this Court finds that the plaintiff's claim cannot survive as a separate cause of action and must be dismissed. Plaintiff alleges that defendants have violated the implied covenant of good faith and fair dealing owed to plaintiff by failing and refusing to provide the plaintiff with honest, accurate and complete statements and accounting of all oil, natural gas, NGLs and other hydrocarbons produced and sold, the amounts received or value upon which royalties should be paid, and accurate and timely payments of these royalties. ECF No. 1 at 26.

Under West Virginia law, breaches of implied covenants do not "provide a cause of action apart from a breach of contract claim." Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 578 (W. Va. 2013) (internal quotation marks omitted). Rather, such claims "sound[ ] in breach of contract." Id. (internal quotation marks omitted). West Virginia law recognizes that "'in every contract there exists an implied covenant of good faith and fair dealing.'" Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 409 (4th Cir. 2002) (quoting Harless v. First National Bank in Fairmont, 246 S.E.2d 270, 274 (W. Va. 1978)). West Virginia law does not, however, recognize an independent cause of action for the breach of an implied covenant of good faith and fair dealing separate and apart from a breach of

15

contract claim.  Stand Energy Corp. v. Columbia Gas Transmission Corp., 373 F. Supp. 2d 631, 644 (S.D. W. Va. 2005); see also Warden v. PHH Mortg. Corp., No. 3:10-cv-75, 2010 WL 3720128, at *5 (N.D. W. Va. Sept. 16, 2010).  If plaintiff's claim for breach of the implied duty of good faith and fair dealing were to survive the partial motion to dismiss, it would have to be properly construed as a breach of contract claim against EQT Production, which has already been pled in this matter.

Thus, the defendants' motion for partial dismissal is granted as to plaintiff's claim for breach of the implied duty of good faith and fair dealing (Count VIII).

E.  Punitive Damages (Count X) and Attorneys' Fees

As to the punitive damages allegation (Count X), plaintiff alleges that "[t]he wrongful actions of EQT as set forth herein were committed wantonly, maliciously, fraudulently, and knowingly, with the intention to cause harm to [p]laintiff and enrich itself, and in violation of fair dealing and public policy."  Therefore, plaintiff claims, "[p]laintiff is entitled to an award of punitive damages against EQT to financially punish and deter EQT from further malicious conduct and to deter other lessees from committing other similar malicious, fraudulent, unlawful and intentional acts and like conduct in the future."  ECF No. 1 at 28.

To recover punitive damages in West Virginia, a plaintiff must prove by a preponderance of the evidence "gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal

indifference to civil obligations affecting the rights of others." Vandevender v. Sheetz, Inc., 490 S.E.2d 678, 682 (W. Va. 1997). However, under West Virginia law, punitive damages are generally unavailable in a breach of contract action. See Berry v. Nationwide Mut. Fire Ins. Co., 381 S.E.2d 367, 374 (W. Va. 1989) ("Generally, absent an independent, intentional tort committed by the defendant, punitive damages are not available in an action for breach of contract."); Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 80 (W. Va. 1986) ("Generally, punitive damages are unavailable in an action for breach of contract unless the conduct of the defendant constitutes an independent, intentional tort."); Thornburg v. Acordia Nat'l, Inc., No. CV 3:05-0801, 2006 WL 8438813, at *4 (S.D. W. Va. Mar. 9, 2006) (A breach of contract claim will not support a claim for punitive damages.).

This Court, for the reasons previously stated, has found that plaintiff's alleged claims for fraud and conversion are subject to dismissal. Thus, plaintiff's complaint fails to set forth a viable independent, intentional tort that would entitle plaintiff to potentially recover punitive damages.

As to plaintiff's claim for attorneys' fees, plaintiff alleges that specific provisions of the Richwood Leases and Stone Lease allow for its recovery of attorneys' fees in this action. See ECF. No. 1 at 3, 5, 7. Plaintiff requests that "Mills Wetzel be awarded reasonable costs of collection of all withheld or payable royalties, including reasonable attorney[s'] fees and court costs

17

in accordance with the specific terms of the Richwood Leases and the Stone Lease." ECF No. 1 at 29. In response, defendants contend that even if the aforementioned leases contain clauses regarding the recovery of attorneys' fees, plaintiff's allegations as to the non-lessee entities cannot overcome the fundamental hurdle that the non-lessee entities are not parties to the leases at issue allegedly providing for the recovery of attorneys' fees and that no privity exists between the non-lessee entities and plaintiff. ECF No. 12 at 15-16. Defendants contend that "[p]laintiff's entitlement, if any, to attorneys' fees is limited to [p]laintiff's allegations as to EQT Production" because "EQT Production and [p]laintiff are parties to the Richwood Leases and the Stone Lease." ECF No. 12 at 16.

Attorneys' fees are generally not available for breach of contract claims. Generally, "absent a contractual or statutory provision to the contrary, a prevailing party cannot recover attorneys' fees and expenses from a losing party." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 631 (4th Cir. 1999) (citing Mullins v. Richlands Nat'l Bank, 241 Va. 447, 403 S.E.2d 334, 335 (1991)). Further, "[i]t is well-settled that '[a] non-party to a contract cannot be sued for breach of contract.'" Ohio Valley Health Servs. & Educ. Corp. v. Riley, 149 F. Supp. 3d 709, 715 (N.D. W. Va. 2015) (quoting A. Hak Indus. Servs. BV v. TechCorr USA, LLC, 2014 WL 7243191, at *12 (N.D. W. Va. Dec. 19, 2014)).

However, this Court has construed the complaint in the light most favorable to Mills Wetzel for the purposes of deciding the motion for partial dismissal. In doing so, this Court finds that Mills Wetzel's complaint asserts sufficient factual allegations against the defendants to survive the defendants' motion for partial dismissal as to plaintiff's claim for attorneys' fees related to its breach of contract claim. For the reasons stated above in this Court's analysis of the defendants' motion to dismiss the plaintiff's alter ego claim and breach of contract claim, this Court finds that discovery is required to flesh out the relationships among the various EQT defendants to determine whether all EQT defendants are alter egos of each other and whether the non-EQT Production defendants also breached the terms of plaintiff's leases. Accordingly, plaintiff's claim for potential recovery of attorneys' fees as it relates to the breach of contract claim, at this stage, must survive the motion to dismiss.

Thus, the defendants' motion for partial dismissal is granted as to plaintiff's claim for punitive damages (Count X), and denied as to plaintiff's claim for attorneys' fees.

## IV. Conclusion

After review of the plaintiff's complaint, as well as the fully briefed contentions of the parties and the applicable law and, for the reasons stated above, this Court finds that the defendants' motion for partial dismissal of the plaintiff's complaint is denied as to plaintiff's claims for alter ego (Count

IV), breach of contract (Count V), and plaintiff's request for attorneys' fees.  Defendants' motion for partial dismissal is granted as to plaintiff's claim for fraud (Count VI), conversion (Count VII), breach of the implied duty of good faith and fair dealing (Count VIII), and punitive damages (Count X).

Accordingly, for the reasons stated above, the defendants' motion for partial dismissal (ECF No. 11) is DENIED IN PART and GRANTED IN PART AS FRAMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     January 22, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE